AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

PIONEER HI-BRED INTERNATIONAL, INC., et al.

*Plaintiff*

v.

ALTEN LLC, et al.

*Defendant*

Civil Action No. 8:22CV70

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stonex Markets LLC, c/o Corporate Creations NEtwork Inc., 5000 Central Park Dr., Ste. 204, Lincoln, NE 68504

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: any and all documents as set forth in Exhibit A, Rider to Third Party Subpeona, which is attached hereto.

| Place: Woods Aitken, LLP c/o Todd W. Weidemann, 10250 Regency Circle, Ste. 525, Omaha, NE 68114. Electronically stored information can be sent electronically to tweidemann@woodsaitken.com | Date and Time: Unless otherwise agreed to in writing by all parties and privilege holder or holders and the person subpoenaed, production must be made no later than 5:00 p.m. CT within fourteen (14) days from the date of the service of this Subpoena. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/22/2022

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Todd Weidemann
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Pioneer Hi-Bred International, Inc., et al. , who issues or requests this subpoena, are:

Todd W. Weidemann, Woods Aitken LLP, 10250 Regency Circle, Ste. 525, Omaha, NE 68114, tweidemann@woodsaitken.com, (402) 898-7407

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:22CV70

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
# RIDER TO THIRD PARTY SUBPOENA

## Instructions

1. Produce all responsive Documents that are in your possession, custody or control.

2. Produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents attached to each other, such as an email and attachment, shall be produced together and not separated.

3. Produce all responsive spreadsheets in native form, including all formulas.

4. Produce all other responsive Documents that exist in electronic form, including but not limited to email, in color and in single page tagged image file format ("TIFF"). TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines, tracked changes, comments, and speaker notes. Produce an associated load file linking the images to the corresponding document. Produce all metadata associated with any electronically stored information in text format linked to the associated document. Extracted text or, if extracted text is not available, optical character recognition (OCR) text should be provided in document-level text files.

5. Produce Documents that exist in hard copy but not electronic form in color in single page tagged image file format ("TIFF") and organized in a manner that reflects how they were kept in the ordinary course of business.

6. Bates number the Documents you produce.

7. In addition to producing the materials responsive to this subpoena, please complete and produce a business records affidavit of the custodian of records.

## Definitions

As used herein, the following terms have the following meanings:

1. "Document" or "Documents" means any writings, drawings, graphs, charts, photographs, phonograph records, electronic records, data compilations from which information can be obtained, handwritten, typed, printed, punched, coded, tape recorded, photographed, or otherwise reproduced, printed, recorded or graphic statements, physical objects, communications or other matter, including all drafts, correspondence, electronic-mails ("e-mails"), text messages, communications, instant electronic messages, computer records, disk files, letters, telegrams, memoranda, notes, sound recordings, legal instruments, declarations, filings, plans, diagrams, pictures, circulars, announcements, manuals, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilm, accounts, journals, ledgers, bills,

invoices, purchase orders, checks, receipts and the like, and each and every copy, duplicate draft, reproduction, prior draft, excerpt, note and summary of, or prepared from, any of the foregoing which is not identical to the original due to corrections, alterations, notations, initials, deletions, marginal markings, underscoring, conformation or indication of routing, known to you and each and every such document which can be located or discovered by reasonable diligent efforts. "Document" or "Documents" include information and data stored in electronic form as well as in hard-copy.

## **Requests**

1. For the period from January 1, 2015 through the Present, complete copies of all account statements, including copies (front and back) of all cancelled checks, cleared checks, and deposits, for any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

2. For the period from January 1, 2015 through the Present, complete copies of all account statements for any account on which any of the following co-defendants were authorized signatories including copies (front and back) of all cancelled checks, cleared checks, and deposits:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

3. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to internet transfers, telephone transfers, wire transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

4. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to the transferee of internet transfers, wire transfers telephone transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

PIONEER HI-BRED INTERNATIONAL, INC., et al.

*Plaintiff*

v.

ALTEN LLC, et al.

*Defendant*

Civil Action No. 8:22CV70

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stonex Financial Inc. c/o Corporate Creations Network Inc., 5000 Central Park Dr., Ste. 204, Lincoln, NE 68504

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: any and all documents as set forth in Exhibit A, Rider to Third Party Subpeona, which is attached hereto.

| Place: Woods Aitken, LLP c/o Todd W. Weidemann, 10250 Regency Circle, Ste. 525, Omaha, NE 68114 Electronically stored information can be sent electronically to tweidemann@woodsaitken.com | Date and Time: Unless otherwise agreed to in writing by all parties and privilege holder or holders and the person subpoenaed, production must be made no later than 5:00 p.m. CT within fourteen (14) days from the date of the service of this Subpoena. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/22/2022

*CLERK OF COURT*

OR /s/ Todd Weidemann

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Pioneer Hi-Bred International, Inc., et al. , who issues or requests this subpoena, are:

Todd W. Weidemann, Woods Aitken LLP, 10250 Regency Circle, Ste. 525, Omaha, NE 68114, tweidemann@woodsaitken.com, (402) 898-7407

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:22CV70

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                             _____
                                                    *Server's signature*

                                                 _____
                                                    *Printed name and title*

                                                 _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RIDER TO THIRD PARTY SUBPOENA**

**Instructions**

1. Produce all responsive Documents that are in your possession, custody or control.

2. Produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents attached to each other, such as an email and attachment, shall be produced together and not separated.

3. Produce all responsive spreadsheets in native form, including all formulas.

4. Produce all other responsive Documents that exist in electronic form, including but not limited to email, in color and in single page tagged image file format ("TIFF"). TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines, tracked changes, comments, and speaker notes. Produce an associated load file linking the images to the corresponding document. Produce all metadata associated with any electronically stored information in text format linked to the associated document. Extracted text or, if extracted text is not available, optical character recognition (OCR) text should be provided in document-level text files.

5. Produce Documents that exist in hard copy but not electronic form in color in single page tagged image file format ("TIFF") and organized in a manner that reflects how they were kept in the ordinary course of business.

6. Bates number the Documents you produce.

7. In addition to producing the materials responsive to this subpoena, please complete and produce a business records affidavit of the custodian of records.

**Definitions**

As used herein, the following terms have the following meanings:

1. "Document" or "Documents" means any writings, drawings, graphs, charts, photographs, phonograph records, electronic records, data compilations from which information can be obtained, handwritten, typed, printed, punched, coded, tape recorded, photographed, or otherwise reproduced, printed, recorded or graphic statements, physical objects, communications or other matter, including all drafts, correspondence, electronic-mails ("e-mails"), text messages, communications, instant electronic messages, computer records, disk files, letters, telegrams, memoranda, notes, sound recordings, legal instruments, declarations, filings, plans, diagrams, pictures, circulars, announcements, manuals, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilm, accounts, journals, ledgers, bills,

1

invoices, purchase orders, checks, receipts and the like, and each and every copy, duplicate draft, reproduction, prior draft, excerpt, note and summary of, or prepared from, any of the foregoing which is not identical to the original due to corrections, alterations, notations, initials, deletions, marginal markings, underscoring, conformation or indication of routing, known to you and each and every such document which can be located or discovered by reasonable diligent efforts. "Document" or "Documents" include information and data stored in electronic form as well as in hard-copy.

## **Requests**

1. For the period from January 1, 2015 through the Present, complete copies of all account statements, including copies (front and back) of all cancelled checks, cleared checks, and deposits, for any account held in the name of any of the following co-defendants:
   a. Tanner Shaw; and
   b. Scott Tingelhoff.

2. For the period from January 1, 2015 through the Present, complete copies of all account statements for any account on which any of the following co-defendants were authorized signatories including copies (front and back) of all cancelled checks, cleared checks, and deposits:
   a. Tanner Shaw; and
   b. Scott Tingelhoff.

3. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to internet transfers, telephone transfers, wire transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
   a. Tanner Shaw; and
   b. Scott Tingelhoff.

4. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to the transferee of internet transfers, wire transfers telephone transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
   a. Tanner Shaw; and
   b. Scott Tingelhoff.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

PIONEER HI-BRED INTERNATIONAL, INC., et al.
*Plaintiff*

v.

ALTEN LLC, et al.

*Defendant*

Civil Action No. 8:22CV70

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stonex Commodity Solutions LLC Stonex Commodity Soluti. c/o Corporate Creations Network Inc., 5000 Central Park Dr., Ste. 204, Lincoln, NE 68504

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: any and all documents as set forth in Exhibit A, Rider to Third Party Subpeona, which is attached hereto.

| Place: Woods Aitken, LLP c/o Todd W. Weidemann, 10250 Regency Circle, Ste. 525, Omaha, NE 68114 Electronically stored information can be sent electronically to tweidemann@woodsaitken.com | Date and Time: Unless otherwise agreed to in writing by all parties and privilege holder or holders and the person subpoenaed, production must be made no later than 5:00 p.m. CT within fourteen (14) days from the date of the service of this Subpoena. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/22/2022

*CLERK OF COURT*

OR  /s/ Todd Weidemann

*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Pioneer Hi-Bred International, Inc., et al. , who issues or requests this subpoena, are:

Todd W. Weidemann, Woods Aitken LLP, 10250 Regency Circle, Ste. 525, Omaha, NE 68114, tweidemann@woodsaitken.com, (402) 898-7407

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:22CV70

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RIDER TO THIRD PARTY SUBPOENA**

**Instructions**

1. Produce all responsive Documents that are in your possession, custody or control.

2. Produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents attached to each other, such as an email and attachment, shall be produced together and not separated.

3. Produce all responsive spreadsheets in native form, including all formulas.

4. Produce all other responsive Documents that exist in electronic form, including but not limited to email, in color and in single page tagged image file format ("TIFF"). TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines, tracked changes, comments, and speaker notes. Produce an associated load file linking the images to the corresponding document. Produce all metadata associated with any electronically stored information in text format linked to the associated document. Extracted text or, if extracted text is not available, optical character recognition (OCR) text should be provided in document-level text files.

5. Produce Documents that exist in hard copy but not electronic form in color in single page tagged image file format ("TIFF") and organized in a manner that reflects how they were kept in the ordinary course of business.

6. Bates number the Documents you produce.

7. In addition to producing the materials responsive to this subpoena, please complete and produce a business records affidavit of the custodian of records.

**Definitions**

As used herein, the following terms have the following meanings:

1. "Document" or "Documents" means any writings, drawings, graphs, charts, photographs, phonograph records, electronic records, data compilations from which information can be obtained, handwritten, typed, printed, punched, coded, tape recorded, photographed, or otherwise reproduced, printed, recorded or graphic statements, physical objects, communications or other matter, including all drafts, correspondence, electronic-mails ("e-mails"), text messages, communications, instant electronic messages, computer records, disk files, letters, telegrams, memoranda, notes, sound recordings, legal instruments, declarations, filings, plans, diagrams, pictures, circulars, announcements, manuals, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilm, accounts, journals, ledgers, bills,

invoices, purchase orders, checks, receipts and the like, and each and every copy, duplicate draft, reproduction, prior draft, excerpt, note and summary of, or prepared from, any of the foregoing which is not identical to the original due to corrections, alterations, notations, initials, deletions, marginal markings, underscoring, conformation or indication of routing, known to you and each and every such document which can be located or discovered by reasonable diligent efforts. "Document" or "Documents" include information and data stored in electronic form as well as in hard-copy.

## **Requests**

1. For the period from January 1, 2015 through the Present, complete copies of all account statements, including copies (front and back) of all cancelled checks, cleared checks, and deposits, for any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

2. For the period from January 1, 2015 through the Present, complete copies of all account statements for any account on which any of the following co-defendants were authorized signatories including copies (front and back) of all cancelled checks, cleared checks, and deposits:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

3. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to internet transfers, telephone transfers, wire transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

4. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to the transferee of internet transfers, wire transfers telephone transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

PIONEER HI-BRED INTERNATIONAL, INC., et al.
*Plaintiff*
v.
ALTEN LLC, et al.

Civil Action No. 8:22CV70

*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bank of America Corporation c/o the Corporation Trust Company (Registered Agent), Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801
*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: any and all documents as set forth in Exhibit A, Rider to Third Party Subpoena, which is attached hereto.

| Place: Woods Aitken, LLP c/o Todd W. Weidemann, 10250 Regency Circle, Ste. 525, Omaha, NE 68114 Electronically stored information can be sent electronically to tweidemann@woodsaitken.com | Date and Time: Unless otherwise agreed to in writing by all parties and privilege holder or holders and the person subpoenaed, production must be made no later than 5:00 p.m. CT within fourteen (14) days from the date of the service of this Subpoena. |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/22/2022

*CLERK OF COURT*

OR  /s/ Todd Weidemann

*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Pioneer Hi-Bred International, Inc., et al. , who issues or requests this subpoena, are:

Todd W. Weidemann, Woods Aitken LLP, 10250 Regency Circle, Ste. 525, Omaha, NE 68114, tweidemann@woodsaitken.com, (402) 898-7407

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:22CV70

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**RIDER TO THIRD PARTY SUBPOENA**

**Instructions**

1. Produce all responsive Documents that are in your possession, custody or control.

2. Produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents attached to each other, such as an email and attachment, shall be produced together and not separated.

3. Produce all responsive spreadsheets in native form, including all formulas.

4. Produce all other responsive Documents that exist in electronic form, including but not limited to email, in color and in single page tagged image file format ("TIFF"). TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines, tracked changes, comments, and speaker notes. Produce an associated load file linking the images to the corresponding document. Produce all metadata associated with any electronically stored information in text format linked to the associated document. Extracted text or, if extracted text is not available, optical character recognition (OCR) text should be provided in document-level text files.

5. Produce Documents that exist in hard copy but not electronic form in color in single page tagged image file format ("TIFF") and organized in a manner that reflects how they were kept in the ordinary course of business.

6. Bates number the Documents you produce.

7. In addition to producing the materials responsive to this subpoena, please complete and produce a business records affidavit of the custodian of records.

**Definitions**

As used herein, the following terms have the following meanings:

1. "Document" or "Documents" means any writings, drawings, graphs, charts, photographs, phonograph records, electronic records, data compilations from which information can be obtained, handwritten, typed, printed, punched, coded, tape recorded, photographed, or otherwise reproduced, printed, recorded or graphic statements, physical objects, communications or other matter, including all drafts, correspondence, electronic-mails ("e-mails"), text messages, communications, instant electronic messages, computer records, disk files, letters, telegrams, memoranda, notes, sound recordings, legal instruments, declarations, filings, plans, diagrams, pictures, circulars, announcements, manuals, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilm, accounts, journals, ledgers, bills,

invoices, purchase orders, checks, receipts and the like, and each and every copy, duplicate draft, reproduction, prior draft, excerpt, note and summary of, or prepared from, any of the foregoing which is not identical to the original due to corrections, alterations, notations, initials, deletions, marginal markings, underscoring, conformation or indication of routing, known to you and each and every such document which can be located or discovered by reasonable diligent efforts. "Document" or "Documents" include information and data stored in electronic form as well as in hard-copy.

## **Requests**

1. For the period from January 1, 2015 through the Present, complete copies of all account statements, including copies (front and back) of all cancelled checks, cleared checks, and deposits, for any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

2. For the period from January 1, 2015 through the Present, complete copies of all account statements for any account on which any of the following co-defendants were authorized signatories including copies (front and back) of all cancelled checks, cleared checks, and deposits:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

3. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to internet transfers, telephone transfers, wire transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.

4. For the period from January 1, 2015 through the Present, all non-privileged documents evidencing, referring or relating to the transferee of internet transfers, wire transfers telephone transfers, and any other transfers other than by check to or from any account held in the name of any of the following co-defendants:
    a. Tanner Shaw; and
    b. Scott Tingelhoff.