IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC., CORTEVA AGRISCIENCE, LLC, AGRELIANT GENETICS, LLC, BECK'S SUPERIOR HYBRIDS, INC., and WINFIELD SOLUTIONS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ALTEN, LLC, MEAD CATTLE COMPANY, LLC, GREEN DISPOSAL MEAD LLC, PLATTE RIVER GREEN FUELS, LLC, and TANNER SHAW, in his individual and official capacities,<br><br>Defendants. | 8:22CV70<br><br>**PRELIMINARY INJUNCTION** |
| SYNGENTA SEEDS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ALTEN, LLC, MEAD CATTLE COMPANY, LLC, GREEN DISPOSAL MEAD LLC, TANNER SHAW, and SCOTT TINGELHOFF,<br><br>Defendants. | 8:22CV71<br><br>**PRELIMINARY INJUNCTION** |
| BAYER US LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ALTEN, LLC, MEAD CATTLE COMPANY, LLC, GREEN DISPOSAL MEAD LLC, PLATTE RIVER GREEN FUELS, LLC, and TANNER SHAW, in his individual and official capacities,<br><br>Defendants. | 8:22CV82<br><br>**PRELIMINARY INJUNCTION** |

1

The Court having considered the written submissions of the parties and *amicus curiae* the State of Nebraska on the plaintiff Seed Companies' September 30, 2022, Joint Motion for Preliminary Injunction and Order of Immediate Attachment Pursuant to Fed. R. Civ. P. 65(a), 64(a)–(b), and Neb. Rev. Stat. § 25-1001 *et seq.*, and the arguments of the parties at the preliminary injunction hearing,

THE COURT FINDS, for preliminary purposes,

1. that the Seed Companies have made a sufficient showing that they have fulfilled and continue to fulfill certain of the defendant Operators' obligations to effect remediation at the site of the Operators' failed ethanol manufacturing plant in Mead, Nebraska, when the Operators did not do so, thus entitling the Seed Companies as a matter of equity to recover assets from the Operators, where the Operators intended to conceal some of those assets;

2. that the Seed Companies have shown a threat of irreparable harm from an unrecoverable judgment in the absence of a preliminary injunction, in light of the Seed Companies' expenditure of nearly $28 million so far to fulfill the Operators' remediation obligations, which the Seed Companies seek to recover in this action; the sum of something less than $1.8 million dollars in cash assets left to the Operators; the Operators' monthly "cash burn" of over $100,000 per month; and the strong likelihood that the cash and assets available to the Operators will be dissipated before any judgment is entered in this action;

3. that, in balancing the equities, a complete asset "freeze" would effectively put the Operators out of business and damage their position in this and other litigation, damaging their interests; and

4. that, in considering the public interest, *amicus curiae* the State of Nebraska is rightly concerned that the relief requested by the Seed Companies if granted in whole would make

AltEn unable to fund the few activities it has been performing for necessary permit compliance and compliance with the consent order with the State;

      IT IS THERFORE ORDERED AND ADJUDGED that

      1.      With the exception of the disbursements allowed in paragraph 2 below, pending disposition of this case or subsequent court order, all corporate defendants (the Operators) and their parents, subsidiaries and/or affiliates, including Earth Energy & Environment, LLC; AltEn Operating Company, E3; Integrated Recycling, LLC; E3 Biofuels, LLC; Falcon Energy LLC;-and Mead Acquisition Company, LLC (the Related Entities), and any agent, servant, employee, attorneys, or other persons or entities in active concert or participation with them, are hereby enjoined from transferring, selling, moving, or otherwise concealing any and all cash funds, assets, or any real and personal property currently belonging to the defendant Operators and Related Entities, including any such assets that may be obtained by the defendant Operators or the Related Entities in the future.

      2.      The enjoined parties shall be permitted to use assets for demonstrably necessary expenses that fall into the following categories:

      a.      Funds necessary to continue monitoring and permitting, including payment of contractors, for but not limited to

      i.      the quarterly groundwater monitoring (and submit an updated Groundwater Monitoring Plan) as required by NPDES Permit No. NE0137634;

      ii.      compliance with the storm water obligations set forth in NPDES Permit No. NE0139882;

      iii.      compliance with the February 23, 2022 Consent Order, including implementation of an approved Step 6/Step 7 Work Plan;

      iv.      support of the remediation activities conducted by Plaintiffs through the VCP; and

      v.      any other actions necessary for permit compliance or other remediation activities identified by the State.

      b.      Funds necessary to pay the Operators' attorneys and attorneys for employees working on their behalf sued in this litigation;

      c.      Funds necessary to pay the Operators' attorneys and attorneys for employees working on their behalf sued in other litigation, whether pending in state or federal court; and

      d.      Funds necessary to comply with any requirements of federal, state, or local taxing authorities.

The Court acknowledges that certain expenses for employee salaries will be necessary given the tasks classified as demonstrably necessary expenses.

IT IS FURTHER ORDERED that, under Federal Rule of Civil Procedure 65(c), this Preliminary Injunction shall issue immediately upon the posting by the Seed Companies of a security or bond in accordance with NECivR 65.1.1 in the amount of fifty-thousand dollars ($50,000) as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby.

Dated this 8th day of February, 2023.

      BY THE COURT:

      _____
      Brian C. Buescher
      United States District Judge